## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

_____

United States of America,

        Plaintiff,


v.                         **MEMORANDUM OF LAW & ORDER**
                                CR: 05-262 (MJD/SRN)

(1) Steven Patrick Koenen,


        Defendant.
_____

Chris Wilton, Assistant United States Attorney, on behalf of Plaintiff.

Andrew H. Mohring, Esq., and Manny K. Atwal, Esq., on behalf of Defendant.


_____

## I.    INTRODUCTION

      The above-entitled matter comes before the Court upon the Report and

Recommendation of Magistrate Judge Susan Richard Nelson, dated November 21,

2005.  Defendant filed objections to the Report and Recommendation, and

Plaintiff filed a response to those objections.  Pursuant to statute, the Court has

conducted a de novo review of the record.  28 U.S.C. § 636(b)(1); Local Rule

72.1(c).  Based on that review the Court adopts in part and modifies in part the

Report and Recommendation dated November 21, 2005.

## II.   BACKGROUND

The Court adopts the procedural history as set forth in Part I of the Report and Recommendation with the following additions.  Subsequent to Magistrate Nelson's issuance of the Report and Recommendation, Plaintiff filed a Superceding Indictment alleging twenty-seven counts against Defendant.  On December 23, 2005, based on a plea agreement, Defendant entered a conditional plea of guilty to Count Eleven and Count Twenty-four of the Superceding Indictment.  Defendant waived all pending objections to the Report and Recommendation dated November 21, 2005, with the exception of Defendant's Motion to Dismiss Counts One through Three for lack of jurisdiction based upon an insufficient nexus to interstate commerce. (Plea Agreement at 11.)  Defendant reserved the right to challenge the Court's jurisdiction and to appeal any denial of his motion to dismiss on the basis of jurisdiction.  During the Change of Plea Hearing Defendant testified as follows:

| | |
|---|---|
| Mr. Mohring: | Do you understand that with the exception of what we talk about in the plea agreement as the conditional plea, that by pleading guilty today you're giving up your right to continue to challenge any of the suppression issues that we've raised? |
| Defendant: | Yes. |
| Mr. Mohring: | As far as the subject of the conditional plea, you understand that the conditional plea, which focuses on the interstate commerce clause, right-- |
| Defendant: | Right. |

2

| | |
|---|---|
| Mr. Mohring: | –that that only addresses the production charges in the indictment, it does not address the other charges? |
| Defendant: | Yes. |
| Mr. Mohring: | And the production charges are, I believe, Counts 1 through 22 of the superceding indictment? |
| Defendant: | Yes. |
| Mr. Mohring: | So that is actually an issue that's still pending in front of Judge Davis, that motion to dismiss. |
| Defendant: | Okay. |

The Court interprets Defendant's testimony during the Change of Plea hearing as a renewal of Defendant's objection to the Report and Recommendation and as an expanded motion to dismiss Counts One through Twenty-two of the Superceding Indictment on the same grounds.  Because Defendant only preserved challenges to part III(C) of the Report and Recommendation, Defendant's other objections are moot.

## III.   FINDINGS OF FACT

The Court adopts the facts as set forth in Part II of the Report and Recommendation.

## IV.   DISCUSSION

### A.   Motions to Suppress

Defendant's suppression motions were not preserved by the Plea Agreement.  Thus, Defendant's Motion to Suppress July 8 and July 22, 2005 Statements, Admissions, and Answers [Doc. No. 33] and Motion to Suppress

Evidence Obtained as a Result of Search and Seizure [Doc. No. 35] are denied as
moot.

**B.    Motion to Dismiss for Lack of Jurisdiction**

The Court adopts the analysis as set forth in Part III(C) of the Report and
Recommendation with the following additions.  The Report and Recommendation
contemplates Defendant's motion based on the counts contained in the original
indictment.  However, by his oral motion, Defendant extended his Motion to
Dismiss for Lack of Jurisdiction to include Counts One through Twenty-two of the
Superceding Indictment.  Thus, the Court extends the Report and
Recommendation's Part III(C) analysis to Counts One through Twenty-two of the
Superceding Indictment.

The Court also notes that subsequent to Magistrate Nelson's issuance of the
Report and Recommendation, the Supreme Court of the United States overturned
the Eleventh Circuit case relied on by Defendant.  See United States v. Matthews,
300 F. Supp. 2d 1220, 1237-38 (N.D. Ala., 2004) aff'd, 143 Fed. Appx. 298 (April
11, 2005) (unreported)  vacated, No. 05-59, 2005 WL 1668765 (U.S. Dec. 12,
2005).  In Matthews, the Eleventh Circuit upheld a district court holding that
provisions of the Protection of Children Against Sexual Exploitation Act
prohibiting sexual exploitation of children and possession of child pornography
were unconstitutional under the Commerce Clause as applied to intra-state

production and possession of images of child pornography, when such images were not mailed, shipped, or transported in interstate or foreign commerce by any means.  Id.  Like the present case, federal jurisdiction in Matthews was premised entirely upon the fact that the camera used by the defendant and the tape medium upon which images and sounds were recorded had traveled in interstate commerce.  Id.  On December 12, 2005, the Supreme Court issued an opinion vacating the Eleventh Circuit's opinion and remanding the case to the appellate court for further consideration.  United States v. Matthews, No. 05-59, 2005 WL 1668765 (U.S. Dec. 12, 2005).  Thus, it appears that the Supreme Court agrees with the longstanding Eighth Circuit precedent upholding the jurisdictional hook in the child pornography statute section 2251.  Accordingly, based on both Supreme Court and Eighth Circuit precedent, the sound reasoning put forth in the Report and Recommendation Part III(C) is adopted.

**IT IS HEREBY ORDERED** that:

1.    The Magistrate Judge's Report and Recommendation dated November 21, 2005 [Doc. No. 50] is **ADOPTED IN PART** and **MODIFIED IN PART** as set forth in this order.

2..   Defendant's Motion to Suppress July 8 and July 22 Statements, Admissions and Answers [Doc. No. 33] is **DENIED AS MOOT**.

5

3.     Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Doc. No. 35] is **DENIED AS MOOT**.

4.     Defendant's Motion to Dismiss Counts I-III for Lack of Nexus with Interstate Commerce [Doc. No. 36] is **DENIED.**

Dated: February 1, 2006              s/ Michael J. Davis
                                              Judge Michael J. Davis
                                            United States District Court